IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS T. ALEJANDRO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EXPERIAN, ET AL. | : | NO. 22-902 |

**MEMORANDUM**

**Padova, J.**                                                                                                                                                **August 17, 2022**

Pro se Plaintiff Nicholas Alejandro brings this action against Defendants Experian, Experian Information Solutions, Inc., Experian Holdings, Inc., Experian Consumer Services, Experian Services Corp., Experian Marketing Solutions, LLC, and Experian Reserved Response, Inc. (collectively "Experian") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. He contends that Experian stole his identity and defamed him by furnishing fraudulent account and inquiry information on his credit report. Experian has filed a Motion to Dismiss the Complaint. For the following reasons, we grant the Motion.

**I. BACKGROUND**

The Complaint alleges the following facts. On November 6, 2021, Experian furnished deceptive accounts and inquiries on Plaintiff's consumer report. (Compl. at 3.) Experian also created deceptive forms and stole Plaintiff's identity. (Id.) Plaintiff did not give Experian written instructions to furnish any of the fraudulent accounts. (Id.) Experian took these actions in order to defame Plaintiff. (Id.) Experian's actions have caused Plaintiff emotional damages. (Id.) Specifically, Plaintiff has experienced stress and mental illness because he cannot acquire new credit cards and has also suffered from anxiety due to the theft of his identity. (Id. at 4.) The Complaint asserts a claim for violation of the FCRA for which Plaintiff seeks $20,000.00 in damages. The Complaint appears to allege that Experian violated the FCRA by (1) furnishing

Plaintiff's credit report without his written permission and (2) stealing Plaintiff's identity and defaming him by using deceptive forms and methods with respect to Plaintiff's consumer report. (Id.) Experian has moved to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).[1]  We take the factual allegations of the complaint as true and "'construe the complaint in the light most favorable to the plaintiff.'" Shorter v. United States, 12 F. 4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,' which 'give[s] the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); and then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct

---

[1] Plaintiff's Response to the Motion to Dismiss relies on many documents which are not attached to or mentioned in the Complaint.  Accordingly, we cannot consider those documents, or Plaintiff's arguments that rely on those documents, in the context of the instant Motion to Dismiss. See Alpizar-Fallas, 908 F.3d at 914 (quotation omitted).

alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555), cert. denied 141 S. Ct. 2670 (2021).  The instant Complaint has been filed pro se.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2207) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Fed. R. Civ. P. 8(f)).

### III. DISCUSSION

As we mentioned above, the Complaint alleges that Experian violated Plaintiff's rights under the FCRA by furnishing deceptive accounts and inquiries on his consumer report without his written instructions. (Compl. at 3.)  Title 15, United States Code, Section 1681b, provides that a consumer reporting agency may furnish consumer reports only under certain, limited, circumstances.  See 15 U.S.C. § 1681b(a).  One of those circumstances is "in accordance with the written instructions of the consumer to whom it relates."  15 U.S.C. § 1681b(a)(2).  The Complaint also alleges that Experian furnished inaccurate or "fraudulent" accounts and inquiries on Plaintiff's consumer report. (Compl. at 3.)  Title 15, United States Code, 15 U.S.C. § 1681e, provides that a credit reporting agency ("CRA") such as Experian must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  Therefore, liberally construing the Complaint, see Erickson, 551

U.S. at 94 (citations omitted), we understand that Plaintiff seeks to assert a claim against Experian for furnishing his credit reports without his written instructions in violation of 15 U.S.C. § 1681b and furnishing inaccurate credit reports in violation of 15 U.S.C. § 1681e(b).

In order to plausibly allege a claim for violation of 15 U.S.C. § 1681b, a complaint must allege facts that would establish that the defendant knowingly issued his credit report without a legitimate purpose. Tauro v. Asset Acceptance, Civ. A. No. 12-418, 2012 WL 2359954, at *5 (W.D. Pa. June 20, 2012). Experian argues that the allegation that it issued Plaintiff's credit report without his written instruction is insufficient to plausibly allege a violation of § 1681b because it does not necessarily need Plaintiff's consent to issue a credit report. Specifically, Experian maintains that it can legally provide credit reports without the consumer's written instructions in the following circumstances: (1) in response to a court orders; (2) to anyone the CRA has reason to believe is using the consumer report for: a credit transaction, employment purposes, insurance, government licensing, valuation of credit risk, other legitimate business needs, or "in connection with the issuance of government-sponsored individually-billed travel charge cards[;]" (3) "in response to a request by the head of a State or local child support enforcement agency[;] (4) "to an agency administering a State plan" with respect to child support; and (5) to the Federal Deposit Insurance Corporation or the National Credit Union Administration in connection with the liquidation of a federally insured depository institution or credit union. 15 U.S.C. § 1681b(a)(1), (3)-(6).

The Complaint "is devoid of any facts describing, with some modicum of specificity," anything about Experian's alleged issuance of his credit report, except for the date it was issued. Tauro, 2012 WL 2359954, at *5. The Complaint does not allege to whom the credit report was issued or any facts that would allow the Court to infer why it was issued. Accordingly, even

4

liberally construing the Complaint, Erickson, 551 U.S. at 94 (citations omitted), we conclude that the Complaint fails "allege facts that would establish that [Experian] knowingly issued [Plaintiff's] credit report without a legitimate purpose" Tauro, 2012 WL 2359954, at *5.   We conclude, accordingly, that the Complaint fails to allege sufficient facts to plausibly state a claim for violation of § 1681b of the FCRA.

As we described above, the Complaint also appears to allege that Experian violated the FCRA and stole Plaintiff's identity by furnishing credit reports that included deceptive account information in violation of 15 U.S.C. § 1681e(b).  In order to allege a plausible violation of § 1681e(b), a complaint must allege facts showing that "'(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'" Blackwell v. Chex Sys., Inc., Civ. A. No. 19-3419, 2020 WL 2615630, at *3 (E.D. Pa. May 22, 2020) (quoting Schweitzer v. Equifax Info. Sols. LLC, 441 F. App'x 896, 902 (3d Cir. 2011)).

Experian argues that the allegation that it issued deceptive account information and thereby stole Plaintiff's identity is insufficient to state a plausible claim for violation of § 1681e(b) because the Complaint fails to allege any specific inaccuracy in his consumer report.  The Complaint alleges that Experian furnished "deceptive accounts and inquires on Plaintiff's consumer report" and that Experian furnished these deceptive accounts and inquiries using deceptive "forms" and "methods." (Compl. at 3.)  As we mentioned above, we are not required to accept such conclusory allegations as true.  See Wood, 572 U.S. at 755 n.5.  The Complaint does not allege any specific facts that would plausibly show that Experian prepared a report containing inaccurate information, that the inaccuracy resulted from Experian's failure to follow reasonable procedures, or that

Plaintiff's alleged injuries resulted from the inaccurate entry. Experian, 2020 WL 2615630, at *3 (quotation omitted). Thus, we conclude that the Complaint does not allege sufficient facts to state a plausible claim for violation of 15 U.S.C. § 1681e(b).[2]

### IV. CONCLUSION

For the foregoing reasons, we grant Experian's Motion to Dismiss without prejudice. Plaintiff has asked for leave to file an amended complaint. As we noted above, the Complaint in this case was filed pro se and, accordingly, we hold it "to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation and citation omitted). "Federal Rule of Civil Procedure 15(a) provides that leave [to amend] shall be freely given when justice so requires." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (alteration in original) (quotation omitted). Plaintiff has explained his claims in much greater detail in his response to the Motion to Dismiss and has attached many exhibits to that document. We therefore grant Plaintiff leave to file an amended complaint that cures the deficiencies of the instant Complaint. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), abrogated on other grounds by Iqbal, 556 U.S. at 678. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J

---

[2] To the extent Plaintiff intended to assert a claim against Experian for identity theft unconnected to the alleged preparation of consumer reports containing inaccurate information, we conclude that the Complaint fails to allege sufficient facts to state such a claim because it fails to allege the actions taken by Experian that Plaintiff believes constitute identity theft.